### In re WOOLLEY'S PARKWAY CENTER, INC., Debtor.

**Bankruptcy No. 91–12510–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 2, 1993.

Jeffrey W. Warren, Tampa, FL, for debtor.

John D. Goldsmith, Tampa, FL, for Mellon Bank.

## ORDER ON APPLICATION FOR ALLOWANCE

### (BUSH ROSS GARDNER WARREN & RUDY, P.A.)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an Application for Allowance filed by the law firm of Bush Ross Gardner Warren & Rudy, P.A. (Law Firm), counsel of record for Woolley's Parkway Center, Inc. (Debtor). In the Application, the Law Firm requests an allowance of $102,844.00 in fees and $5,011.54 for reimbursement of expenses. Mellon Bank, N.A. (Mellon) is objecting to the Application.

In its Objection, Mellon seeks an order of forfeiture of all fees already received and sought to be allowed by the Law Firm on two different grounds: (1) that the Law Firm was not a disinterested party, and represented an interest hostile to the estate of the Debtor creating a conflict of interest for the Law Firm; and (2) that certain payments were made to the Law Firm post-petition without approval of this Court. The initial contention of Mellon is based on the proposition that the entire Chapter 11 case was filed not to reorganize the Debtor, but for the sole purpose of protecting the interest of the principal of the Debtor, Robert E. Woolley (Woolley), who was personally liable to Mellon based on his personal guarantee of the prime obligation of the Debtor. Mellon's contention is based on certain findings made by this Court in its Order of November 24, 1992, 147 B.R. 996, sustaining Mellon's Objection to the Plan of Reorganization of the Debtor, and

denying confirmation of the Plan of Reorganization filed by the Debtor. This Court's findings were to the effect that the Plan proposed by the Debtor contemplated the conveyance of the one and only asset of the Debtor, a large tract of land, semi-developed as an industrial park, in full satisfaction of Mellon's claim, ostensibly for the purpose of relieving Woolley of his guarantee and furnishing him with a full defense to an action brought against him in Texas by Mellon on his guarantee.

There is no question that Woolley personally guaranteed the Debtor's obligation to Mellon. There is equally no question that the conveyance under the Plan of the Debtor, if confirmed, would have in fact relieved Woolley of his liability to Mellon. It should be noted, however, that there is no evidence in this record to support the proposition that the Law Firm ever represented Woolley, who, in fact, was represented by separate counsel throughout the entire case; and, no evidence that the Law Firm ever undertook any steps in this case to protect Woolley by way of seeking injunctive relief to prohibit Mellon to pursue Woolley's guarantee.

While it is true, as noted earlier, that a confirmed Plan would have benefitted Woolley, the Plan was equally designed to give full satisfaction to all creditors, albeit, less than 100%, only 95% on each allowed claim. Lastly, the Plan of Reorganization of the Debtor did not have a provision so frequently attempted by debtors designed to protect insiders during the consummation of the confirmed Plan of Reorganization.

■ This latest attack by Mellon is disturbing for a number of reasons. First, it should be noted that Mellon was very well aware from the very first day, and no doubt even prior to the commencement of this Chapter 11 case, that Woolley was the principal of the Debtor and that Woolley always had his own personal counsel. Thus, it is way too late at this date for Mellon to challenge the Law Firm's right to be paid for the services rendered. In addition, it would be grossly inequitable to forfeit any allowance to the Law Firm for the services rendered in this case. These com-ments should not be construed, however, to imply that a law firm representing a legal entity, i.e., a corporation or partnership, should be less than very circumspect and careful to assure that their representation is strictly limited to protect the interest of the client and not to promote and protect the interest of non-debtor insiders at the expense of the creditors of the entity.

■ Mellon also challenges the Law Firm's right to compensation on the grounds that the Law Firm accepted payment from the Debtor post-petition without prior authorization from this Court. The factual allegations relating to this charge are without dispute. The initial payment was on February 5, 1992 in the amount of $16,409.23; another on August 5, 1992 in the amount of $38,057.57; and a third on September 18, 1992 in the amount of $1,391.83. In the Fee Application submitted by the Law Firm the first two payments were disclosed, the third not disclosed simply because it occurred after the Fee Application was filed. There is no question that the Debtor never filed an application for authority to make these payments and equally, the record is clear that no order was ever entered authorizing these payments. While it is intimated by the Law Firm that the payments were actually merely "deposited" with the Law Firm in order to insure that in the event the Chapter 11 case was dismissed, and all assets of the Debtor were taken by Mellon, these funds at least would be available to compensate the Law Firm for its services rendered, there is nothing in this record which establishes that the payments were in fact treated by the Law Firm as such. Concerning these payments, this Court is constrained to conclude that these payments cannot be condoned and approved.

■ This leaves for consideration the reasonableness of the amount sought as compensation for services rendered by the Law Firm. Taking into consideration *Johnson v. Georgia Highway and Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and the situation surrounding these post-petition payments, this Court is satisfied that it is appropriate to allow the Law Firm a fee of $102,011.54, minus $55,858.63, the amount paid post-petition, without preju-

dice to the Law Firm to furnish proof that the post-petition payments were placed in the Law Firm's trust account and not in a general operating account of the Law Firm. Without such a showing this Court cannot authorize the Law firm to retain these funds, and this Court must deduct them from the ultimate allowance to the Law Firm in this case.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Application for Allowance filed by Bush Ross Gardner Warren & Rudy, P.A. is hereby granted. The Law Firm is allowed a total payment for its services in the amount of $102,011.54 minus $55,858.63 without prejudice to the Law Firm to provide to this Court within ten days of the date of entry of this Order a showing that these amounts should not be forfeited. It is further

ORDERED, ADJUDGED AND DE-CREED that the Objection to Allowance of Compensation to Bush Ross Gardner Warren & Rudy, P.A. filed by Mellon Bank, N.A. is hereby overruled.

DONE AND ORDERED.